DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ERIC ABRAHAM,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3973

[May 10, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Usan, Judge; L.T. Case Nos. 17-000282-CF10A and 18-007259-CF10A.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Eric Abraham ("Defendant"), a juvenile at the time the offenses were committed, appeals his convictions and sentences following an open guilty plea to one count of aggravated fleeing or eluding causing death, four counts of aggravated fleeing or eluding causing serious bodily injury, one count of operating a vehicle without a valid license causing serious bodily injury, one count of grand theft auto, and one count of burglary of a dwelling. In total, Defendant was sentenced to thirty-five years in prison, followed by sixteen years of probation. Defendant raises multiple issues on appeal. On all arguments raised, we affirm the convictions and sentences without further comment. However, we remand for two purposes.

First, we remand for entry of a written order providing for judicial review of Defendant's sentence after twenty years pursuant to section 921.1402(2)(d), Florida Statutes (2019) ("A juvenile offender sentenced to a term of 20 years or more under s. 775.082(3)(c) is entitled to a review of his or her sentence after 20 years."). Although the trial court discussed

judicial review during the sentencing hearing, the trial court did not enter a written order providing for such judicial review.  *See Walker v. State*, 288 So. 3d 694, 695 (Fla. 4th DCA 2019) (remanding for written order of judicial review where trial court orally pronounced at sentencing that the defendant was entitled to such review but did not enter written order to that effect).

Second, we remand for correction or clarification of Defendant's written cost orders.  The charges in this case stemmed from two separate cases.  At Defendant's original sentencing hearing, the trial court ordered "standard court costs" in both cases.  The written orders entered following that sentencing hearing imposed a $500 public defender fee in one case and a $400 public defender fee in the other case.  Defendant thereafter filed a post-conviction motion to correct sentencing errors, arguing in part that the public defender fees were improper, and the State responded it had "no objection to the public defender fee being reduced to $100 on each case."  At the ensuing resentencing hearing, the trial court orally imposed "standard court costs," including a $100 public defender fee.  The written cost orders reflect a $50 fee per case for "Public Defender Application Fee" and a $100 fee per case for "Public Defender Assistance (PD fee imposed)," but also include a checked section that states "pay balance of previously imposed costs."

Defendant argues the written cost orders conflict with the trial court's oral pronouncement and reflect that the new public defender fees would be imposed "on top of all the costs previously imposed."  We agree and remand for clarification or correction of the written cost orders to conform with the oral pronouncement regarding the public defender fees/costs.  *See Santiago v. State*, 133 So. 3d 1159, 1167 (Fla. 4th DCA 2014) ("Where a trial court's written sentencing order conflicts with the oral pronouncement, the oral pronouncement controls."); *see also Tumblin v. State*, 302 So. 3d 914, 915–16 (Fla. 4th DCA 2020) (remanding written judgment imposing a $500 public defender fee to conform with the oral pronouncement of a $100 public defender fee); *Bryant v. State*, 301 So. 3d 352, 353 (Fla. 2d DCA 2020) (explaining that when the trial court's oral pronouncement of sentence and the written sentencing documents conflict, "[t]he error in the written documents constitutes a scrivener's error that must be corrected so that the written documents comport with the sentence orally imposed").

In sum, we affirm Defendant's convictions and sentences, but remand solely for (1) entry of a written order providing for judicial review of Defendant's sentence pursuant to section 921.1402(2)(d), Florida Statutes; and (2) clarification or correction of the written cost orders to

conform with the oral pronouncement regarding the public defender fees/costs. Defendant does not need to be present for these ministerial acts. *See Tumblin*, 302 So. 3d at 916; *Walker*, 288 So. 3d at 696.

*Affirmed and remanded with instructions.*

KLINGENSMITH, C.J., and LEVINE, J., concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**